JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234
    E-Mail: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0739 CRB |
|     Plaintiff, ) | **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| v. ) | |
| HAKEEM A. PERRY, ) | Hearing:    August 6, 2008 |
|     Defendant. ) | Time:    10:00 a.m. |
| ) | Courtroom:   8, 19th Floor |
| ) | Hon. Charles R. Breyer |

    The government submits the following response to defendant's sentencing memorandum pursuant to U.S. District Court, Northern District of California Local Rule 32-5(c) in order to further advise the Court of its sentencing recommendation.

## I. "OFFICIAL VICTIM" SENTENCING ENHANCEMENT.

    Defendant argues the 'official victim' sentencing enhancement should not apply in this case, alleging the defendant's conduct was not motivated by the defendant's status.  The government disagrees and notes that all the cases defendant cites to that relate to this enhancement, the appellate courts *upheld* the application of the sentencing enhancement. *See United States v. McAninch*, 994 F. 2d 1380, 1386 (9th Cir. 1992); *United States v. Sanchez*, 914 F.2d 1355 (9th Cir. 1990); *United States v. Alexander*, 287 F.3d 81, 82 (9th Cir. 2002); *United*

*States v. Adelman*, 168 F. 3d 84, 86 (2d Cr. 1999); *United States v. Talley*, 164 F 3d 989, 1004 (6th Cir. 1999); *United States v. Garcia*, 34 F 3d 6, 13 (1st Cir. 1994); *United States v. Polk*, 118 F.3d 286, 297-98 (5th Cir. 1997).

Indeed, the defendant's knowledge of the victim's status may be much more attenuated than in the instant case. In *United States v. Thompson*, the Court upheld the application of the 'official victim' enhancement where the victims were two police officers serving in an undercover capacity. *United States v. Thompson*, 515 F.3d 556 (6th Cir. 2008). Following a drug sale where the defendant brandished a firearm at the officers, while the officers were posing as drug dealers, and then running away from them, the court upheld the enhancement. *Id.*, at 562. Here, the defendant approached the victim because he was the bus driver and it is likely that but for the defendant's position as the bus driver, the defendant would not have approached him. Therefore, it was the victim's position as the bus driver that placed him in peril.

## II. DEFENDANT'S MENTAL HEALTH

Defendant argues this Court should sentence the defendant to twelve months in custody in order to provide the defendant with medical care and rehabilitation. Defendant also argues that San Francisco's County Medical Health services could meet those needs. The government disagrees, for the following reasons: (a) though the Sentencing Guidelines are merely advisory, they do not provide for such a departure in this case; (b) imposing twelve months incarceration, as opposed to thirty, or fifty-seven, will not rehabilitate the defendant, and as San Francisco County's mental health services have not prevented the defendant from violent outbursts to this point in time, there is no reason to believe they will in the future; and (c) the proposed twelve month sentence is insufficient punishment.

**A. The Sentencing Guidelines Do Not Authorize a Downward Departure for Reduced Mental Capacity in This Case.**

Though the Sentencing Guidelines are now only advisory in nature, it is worth noting that under the Guidelines, mental and emotional conditions are not ordinarily relevant in determining whether a departure from the guidelines is warranted. *See* U.S.S.G. § 5H1.3. The Sentencing Guidelines carve out a narrow exception to this and authorize a downward departure where a

"significantly reduced mental capacity" substantially contributes to the commission of the offense. U.S.S.G. § 5K2.13. The test for significantly reduced mental capacity is whether the defendant has the ability to understand the wrongfulness of his behavior, to exercise the power of reason, or to control behavior he knows is wrong. *Application Notes* to U.S.S.G. § 5K2.13.

But public safety trumps reduced mental capacity. A downward departure is precluded where, *inter alia*, there is a need to protect the public because the offense is a violent crime, or the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. U.S.S.G. § 5K2.13.[1] A violent crime is one where the defendant used physical force against another person. U.S.S.G. § 4B1.2(a)(1); *See United States v. Borrayo*, 898 F.2d 91, 94 (9th Cir.1989).

**B. A Shorter Prison Sentence Will Not Rehabilitate the Defendant.**

Defendant recommends the defendant be sentenced to twelve months in custody and that the defendant's supervised release conditions should include at least one year of residential psychiatric care. *See Defendant's Sent. Memo*, at p. 16. Defendant argues that County Medical Services could provide defendant with mental health services while on supervised release.

First, it is unclear to the government that the Probation Office could provide one year of residential mental health treatment to the defendant. Second, the services described by defense counsel have been available to the defendant since long before his first contact with the criminal justice system. To the extent the defendant has availed himself of those services they have done nothing to prevent him from committing crimes thus far; to the extent the defendant has not availed himself of those services, there is no reason to believe that he will embrace treatment now. The presentence report indicates that when the defendant was placed in treatment following the death of his brother, he was noncompliant. *See* PSR ¶ 59. The letter from the defendant's mother attached as Exhibit D to Defendant's Sentencing Memorandum reflects the defendant has persistently been noncompliant with treatment. *See* Def. Sent. Memo, Exhibit D,

---

[1] The other exceptions are where the reduced mental capacity is caused by voluntary intoxication or where the offense is for obscenity, sexual abuse, sexual exploitation of children, or transportation for illegal sexual activity.

UNITED STATES' SUPP. SENT. MEM.
CR 07-0739 CRB                                  3

1  at p. 1. ("[W]e made arrangements for him to go to a program that would afford him counseling
2  service so he could get some help he refused.")  Sentencing the defendant to a short prison term
3  will not do anything to satisfy his mental health needs.

**C.  Twelve Months is Insufficient Punishment in This Case.**

Defendant's Sentencing Memorandum focuses entirely on meeting the defendant's rehabilitative needs, which is but one of the goals of set forth in § 3553(a).  The defendant's criminal history reflects that as he has gotten older, he has become more violent, and the injuries sustained by his victims have become more severe.  Satisfying the defendant's rehabilitative goals should not come at the expense of providing a just punishment for the defendant's actions, or providing a sentence that reflects the seriousness of the offense, that promotes respect for the law, or that protects the public.  The defendant has irreparably harmed another person in this community; the victim will never be the person he was before the events of this case.  The defendant's needs do not trump those of this community.

In conclusion, the United States respectfully recommends that the Court sentence the defendant to 57 months of imprisonment, three years of supervised release, a stay-away order for the victim in this case, that the defendant participate in a mental health treatment program at the direction of the probation officer, that the defendant comply with taking his prescribed medications, that the defendant not own or possess any firearms, ammunition, or destructive devices, that the defendant cooperate in the collection of DNA as directed by the probation officer, a search condition, and payment of a $100 special assessment.

DATED: August 4, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
WENDY THOMAS
Special Assistant United States Attorney