BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant PERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HAKEEM PERRY,<br><br>    Defendant. | No. CR 07-0739 CRB<br><br>**DEFENDANT'S RESPONSE TO THE UNITED STATES' RESPONSE TO HIS SENTENCING MEMORANDUM** |

Hakeem Perry presents the following brief rebuttal to the government's responsive pleading.

I. **THE SENTENCING ENHANCEMENT FOR AN "OFFICIAL VICTIM" SHOULD NOT BE APPLIED TO MR. PERRY.**

The government insists that the enhancement under Section 3A1.2 of the Sentencing Guidelines should apply, but offers no correct legal support for its position.

First, the government observes that the cases cited by the defense each affirmed use of the enhancement. That observation completely misses the point. Each of the cited cases supports the proposition that the defendant's conduct must be motivated by the victim's status in order for the enhancement to apply. As stated in Mr. Perry's sentencing memorandum: "The Ninth Circuit has

consistently approved application of § 3A1.2 enhancements in cases where the defendant's conduct was motivated by the victim's status, rather than where that status was merely incidental to the conduct at issue." Deft Sent Mem at 8.

If the government believes that the cited appellate cases from the Ninth, Second and Sixth Circuits do not stand for the proposition advanced by the defense, it is incumbent upon the government to present legal analysis that establishes the contrary. The government has failed to do so.

The only case advanced in vain support for the government's position is completely inapposite. *United States v. Thompson,* 515 F.3d 556 (6th Cir. 2008). The court in *Thompson* was applying a completely different enhancement, with critically different language. *Thompson* provides no support for the claim that the Section 3A1.2(a) and (b) enhancements should apply to Mr. Perry's case. Section 3A1.2(c) – which is not applicable to the present case – provides for a separate six-level enhancement as follows:

> If . . . the defendant of a person for whose conduct the defendant is otherwise accountable—
> (1) *knowing or having reasonable cause to believe that a person was a law enforcement officer*, assaulted such officer during the course of the offense or immediate flight therefrom . . . . increase by 6 levels.

U.S.S.G. § 3A1.2 (c) (emphasis added).

The focus in Section 3A1.2(c) is on the knowledge that the person was a law enforcement officer, which is not our issue. The Sixth Circuit in *Thompson* upheld application of the enhancement to a defendant whose confederate fired on police during an undercover drug bust. *Thompson, supra,* 515 F.3d at 559. The officers were wearing distinctive police clothing and had announced themselves to be police. *Id.* The appellate panel concluded: "[T]he two defendants were on sufficient notice that the pursuing officers were, in fact, police officers." *Id.* at 562.

By contrast, the issue in Mr. Perry's case is whether Section 3A1.2 (a) and (b) should apply. As already set forth in the opening papers, those sections, on their face, only apply if the victim was a

DEF. RESPONSE TO US
SENT MEM.
No CR 07-0739 CRB                        -2-

government officer or employee and "the offense of conviction was *motivated by such status*." U.S.S.G. § 3A1.2 (a). There is no evidence that Mr. Perry was driven to assault the bus driver because of his status as a government employee. He was motivated by his mental illness, not by the bus driver's status.

## II. THE RECOMMENDED TWELVE-MONTH SENTENCE FOLLOWED BY RESIDENTIAL MENTAL HEALTH TREATMENT FAIRLY BALANCES THE STATUTORY GOALS OF SENTENCING.

The defense acknowledges that this is a very difficult case. The Court needs to fashion a sentence that addresses legitimate public safety concerns, along with the other statutory goals of sentencing. A sentence that combines significant punishment–that is not counterproductive–with long term treatment would be best.

The government argues that no sentence shorter than the 57 months will rehabilitate Mr. Perry. Notably, the government presents no argument as to how such a lengthy sentence might provide for rehabilitation. Instead, it expresses concern as to whether or not the Probation Department can provide the residential psychiatric care sought by the defense. However, such care is available in the community, as demonstrated in the opening brief, and can be monitored by the Probation Department.

The government also argues that the mental health services recommended have already been available to Mr. Perry. The record before the Court belies that assertion. Mr. Perry has repeatedly sought longer-term treatment but was not afforded it. The government also points to non-compliance by Mr. Perry in the past. First, as to treatment after his brother's death, Mr. Perry was nine years old. He cannot fairly be labeled as non-compliant based on an inability to open up to a therapist as a traumatized grade school child. Second, as to more recent treatment, in fact, Mr. Perry has placed himself in treatment, voluntarily, at times. Nonetheless, he certainly will need support in remaining in treatment. Such support fits within the role of a supervising probation officer.

//

1   Finally, the government asserts that the defense is focused entirely on Mr. Perry's
2 rehabilitative needs. To the contrary, the defense recognized in its opening memorandum that the
3 Court must balance the various statutory goals of sentencing. Deft Sent. Mem. At 15-16. The
4 challenge is to do so in a manner that acknowledges the harm done, punishes Mr. Perry and protects
5 society going forward. A lengthy prison term would likely do more harm than good. Mentally ill
6 persons held in prisons tend to deteriorate over time, rather than improve. The long-term goal has to
7 be rehabilitation through structured treatment. Mr. Perry's well-being and society's well-being are
8 inextricably linked. The best sentence is one that punishes but that ultimately increases the likelihood
9 of a stable existence for Hakeem Perry.[1]

10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //

---

[1] The government also advanced arguments based on the unavailability of certain downward departures under the former Sentencing Guidelines regime. Since departures are "anachronistic" and Courts now impose sentences based on reasonable discretion, debate regarding now irrelevant "departures" seems unnecessary. *United States v. Mohamed*, 459 F.3rd 979, 987 (9th Cir. 2006).

DEF. RESPONSE TO US
SENT MEM.
No CR 07-0739 CRB                    -4-

**CONCLUSION**

For the foregoing reasons, Mr. Perry respectfully requests that the Court impose a sentence of 12 months in custody, followed by three years of supervised release. Supervised release conditions should include at least one year of residential psychiatric care.

Dated: August 5, 2008

                                                    Respectfully submitted,

                                                    BARRY J. PORTMAN

                                                    Federal Public Defender

                                                                /S/

                                                    RONALD C. TYLER

                                                   Assistant Federal Public Defender